WICKER, J.,
concurs with reasons.
| ]I agree with both the outcome and majority’s analysis and write separately to emphasize that Louisiana law creates a duty upon the occupier of a premises to an invitee to exercise reasonable or ordinary care for an invitee’s safety commensurate with the particular circumstances involved. Doe v. Jeansonne, 97-795 (La.App. 3 Cir. 12/10/97), 704 So.2d 1240, 1245. In situations in which minors are under the control and supervision of a person who has agreed to be responsible for them, that person must use reasonable care commensurate with a reasonably forseeable risk of harm. Id. Furthermore, “[i]n situations where children are injured, the known characteristics and instincts of the children must be considered in determining whether the person has exercised reasonable care.” Id. at 1246, citing Freeman v. Wilcox, 303 So.2d 840, 842 (La.App. 1 Cir.1974), writ denied, 307 So.2d 630 (La.1975).
In this case, the trial judge heard testimony that Ms. Swanner had previously disciplined her child and had refused parties at her home after discovering that the group of minors had been drinking; that on this occasion, the minors took care to hide any evidence of consumption of |2aIcohoI; and that on this occasion, Ms. Swanner had remained at home all evening, checking on the minors in the garage apartment several times. Therefore, given the evidence presented at trial, the trial judge had a reasonable basis upon which to find that Ms. Swanner had no actual or constructive knowledge that the minors had been drinking at her home that evening. Furthermore, based upon the testimony and evidence presented at trial, the trial judge had a reasonable basis upon which to conclude that Ms. Swanner exercised reasonable care under the circumstances.